IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES EVERETT CHAPMAN                                                               PLAINTIFF

v.                          Civil No. 10-2195

SHERIFF MIKE ALLEN; and
JAIL ADMINISTRATOR CAPTAIN
JEFF MARVIN                                                                         DEFENDANTS

### MEMORANDUM OPINION

James Everett Chapman filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before me pursuant to the consent of the parties. (Doc. 10). Defendants have filed a motion for judgment on the pleadings (Doc. 11) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion. The motion is before me for decision.

### 1. Background

Plaintiff is currently an inmate of the Cherokee County Detention Center in Tahlequah, Oklahoma. The facts at issue in this case occurred when he was incarcerated in the Crawford County Detention Center in Van Buren, Arkansas. He was being held on pending criminal charges.

According to the allegations of the complaint (Doc. 1), on several different occasions Plaintiff attempted to gain access to a law library. *Id.* at pg. 5. On one occasion, in response to his request, Officer Burgos advised him to contact his public defender. Plaintiff states he did

send his attorney a letter asking about access to a law library but had received no response to his request.

Plaintiff filed a grievance regarding this issue and was advised by Captain Jeff Marvin to request specific forms from the Crawford County Circuit Clerk. In response, he received a letter stating the Court Clerk's office did not provide legal forms. Plaintiff also states he was not allowed to write to the Judge while his case was pending.

Without access to a law library, Plaintiff alleges he was unable to intelligently assist in his own defense and make informed decisions about his criminal case.

### 2. Applicable Standard

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that

the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants contends they are entitled to judgment in their favor because the Plaintiff's allegations, even if true, do not amount to a constitutional violation. I agree. Detainees have no "freestanding right to law library access or trained legal assistance." *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004)(citation omitted). Instead, "[i]nmates undeniably enjoy a constitutional right of access to the courts and the legal system." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996)(*citing Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1997)). The right of access requires the provision of "prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds*, 430 U.S. at 828, to challenge their criminal charges, convictions, and sentences directly or collaterally or to challenge the conditions of their confinement through civil rights actions, *Casey*, 518 U.S. at 351; *see also Cody v. Weber*, 256 F. 3d 764, 767-68 (8th Cir. 2001)("right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement, but it does not extend to the right to 'discover grievances' or to 'litigate effectively once in court'")(*quoting Casey*, 518 U.S. at 354-55).

Plaintiff's claim fails because he suffered no actual injury. The right of access to the courts is not an abstract one and the inmate must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." *Casey*, 518 U.S. at 351; *see also Hartsfield*, 511 F.3d at 832 (Hartsfield failed to allege he was prevented from filing a complaint, or a filed

AO72A
(Rev. 8/82)

complaint was dismissed for lack of legal adequacy. He only roughly and generally asserted that he was prevented from filing because he did not know what arguments to make. This claim is speculative and was properly dismissed); *Klinger v. Department of Corrections*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic). Plaintiff was represented by a public defender and does not contend he missed any deadlines for filing documents with a court or was prevented from filing a case or claim.

### 4. Conclusion

For the reasons stated, the motion for judgment on the pleadings (Doc. 11) filed by the Defendants will be granted by a separate order entered this same day.

DATED this 23rd day of September 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE